Okey, J.
By an indictment, returned at the May term, 1879, of the Court of Common Pleas of Mahoning county, the grand jurors, on their oaths, did find and present, in substance, that William Williams, Thomas Williams, and Edward Lewis, on the twenty-fourth day of May, in the year of our Lord one thousand eight hundred and seventy-nine, at the county of Mahoning aforesaid, did unlawfully kill Isaac Brougher, then and there being, contrary to the form of the statute, etc.
William Williams was placed on trial, and a verdict of guilty was rendered; and the court, having overruled a motion in arrest of judgment, sentenced him to the penitentiary. He asks leave to file in this court a petition in error, on the ground, among others, that the court improperly overruled the motion in arrest.
The legislature, in enacting our former crimes act, adopted, as to the crime of manslaughter, the language employed by authors of approved works on criminal law in defining that felony at common law. 1 S. & C. 403; Sutcliffe v. The State, 18 Ohio, 469, 476; Archbold’s Cr. Pl. *176 (17 ed.) 623. See Nichols v. The State, 8 Ohio St. 435. In 1869, the legislature, without any change in the language of that statute, provided, in the code of criminal procedure (66 Ohio L. 301), that, “ in an indictment for manslaughter, it shall not be necessary to set forth the manner in which, or the means by which, the death was caused ; but it shall be sufficient to charge that the defendant did unlawfully kill and slay the deceased.” This section was borrowed from the statute, 24 and 25 Viet., c. 100, § 6, which provided, furthermore, that in an indictment for murder it shall not be necessary to set forth the manner in which, or the means by which, the death of the deceased was caused, but it shall be sufficient to charge that the defendant did feloniously, willfully, and of his malice aforethought, kill and murder the deceased ; and the approved precedents of indictments for murder and manslaughter, under the English statute, are in the brief terms indicated in the section. ArchbokVs Or. PI. (17 ed.) 620, 656. See also 8 Am. ed., vol. 1, p. 725.
The indictment in Wolf v. The State, 19 Ohio St. 248, in the brief form authorized by the act of 1869, simply alleged that the defendant, on, etc., at, etc., “ one Samuel Lee, then and there being, did unlawfully kill and slay.” The point was strongly urged that this was not an indictment within the meaning of the constitution (art. 1,§ 10) ; but the court held that it was, and it seems to us properly so held.
The act of 1869 was so changed by the act of May 5, 1877, as to make provision for the form of an indictment for murder in the second degree ; and at the same time the language, as to the sufficiency of an indictment for manslaughter, was slightly changed, so that it is now sufficient to charge “ that the defendant did unlawfully kill the deceased.” 74 Ohio L. 335, § 6; Eev. Stat. § 7217. The language of the section relating to manslaughter was also changed by an act passed on the same day (74 Ohio L. 244, § 4; Eev. Stat. § 6811), so that the crime is defined in substantially the same language as in the indictment in Wolf v. The State, and in the above-mentioned section 6. It is a homicide of less degree than *177 murder, and is committed by one who “ unlawfully kills another.”
We see in this change of language no purpose to change the law in any particular (Gardener v. Woodyear, 1 Ohio, 170, 176; Swasey v. Blackman, 8 Ohio, 5, 20; Ash v. Ash, 9 Ohio St. 383, 387; Tyler v. Winslow, 15 Ohio St. 364, 368); and, following Wolf v. The State, we hold this indictment to be sufficient.

Motion overruled.